# Kate Baylis *v.* Diamond Street Omnibus Company, and Omnibus Company General, Appellant.

*Negligence—Joint tort feasors—Omnibus companies—Passenger—Rule of the road—Evidence.*

In an action against two omnibus companies by a passenger of one of the companies to recover damages for personal injuries caused by a collision between an omnibus belonging to one of the companies with one belonging to the other company, the case is for the jury where the evidence though contradictory tends to show that the driver of the omnibus in which plaintiff was riding was negligent in driving while collecting a fare, and that the omnibus of the other company was being driven on the wrong side of the street.

In such a case it is not improper to permit plaintiff to show as part of the res gestæ that the driver of one of the omnibuses shouted to the driver of the other, almost momentarily succeeding the accident, "What the hell is the matter with you for running into me;" and that the driver of the bus in which plaintiff was riding replied, "How in the hell could I run into you when I was on the right hand side going north, when I had the right of way?"

Argued Jan. 15, 1896.  Appeal, No. 445, July T., 1895, by
The Omnibus Company General, one of the defendants, from
judgment of C. P. No. 3, Phila. Co., June T., 1894, No. 749, on
verdict for plaintiff.  Before STERRETT, C. J., GREEN, WIL-
LIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Trespass for personal injuries.  Before GORDON, J.

At the trial it appeared that on January 29, 1894, at about
seven o'clock in the evening, plaintiff, while a passenger on an
omnibus of the Diamond Street Omnibus Co., was injured in a
collision between the bus in which she was riding and a large
bus of the Omnibus Company General.  The Diamond Street

bus was going north; the other bus was going south. There was evidence tending to show that the south bound bus was on the wrong side of the street, and that the accident occurred while the driver of the Diamond Street bus, who was also conductor, was collecting a fare. The night was dark and stormy.

The Diamond Street Omnibus Company made no defense.

James A. Layton, a witness for plaintiff, testified:

Q. Did you hear either of the drivers say what was the cause of the accident? Did you hear any conversation by either of the drivers as to the cause of this accident? A. I couldn't say I did; I heard swearing. Q. Who was doing the swearing? Do you recollect any conversation that was had with the driver of either of those busses? A. Yes, sir; I heard that. Q. What did they say?

Objection by Mr. Rich, for defendant.

By Mr. Rich:

Q. Was this after the accident happened? A. Yes, sir. Q. How long after the accident happened?. A. I could not say; it was almost momentarily. Q. It was after the lady was picked up and put on the seat? A. I picked the lady up. Q. It was after that? A. Yes, sir. Q. And while the busses were standing there? A. Yes, sir. Q. And waiting for another bus to come up? A. Yes, sir.

Mr. Rich: I renew the objection to the question.

By the Court:

Q. I understand you to say it was almost momentarily succeeding the accident? A. Yes, sir; as soon as I picked the lady up the men got out of the bus right away.

The Court: I will admit the question.

Exception for defendant.

By Mr. Goodbread, for plaintiff.

Q. What was said? A. The driver of the large bus, he called to the driver of the small bus, and wanted to know "what the hell was the matter with him for running into him." Q. What reply did he make? A. I think he made some reply of this kind: "How in hell could I run into you when I was on the right hand side going north, when I had the right of way?" [2]

The court charged in part as follows:

[It is alleged by the plaintiff, and witnesses have been called

to support the contention, that the Diamond Street bus, in which she was, when it got near Columbia avenue was not far from the curbstone, and was on the eastern side, that is the east of the middle of the street; and that it was run into by the bus of the other company defendant while it was on the eastern side of the street, and you are asked to find from that that the Omnibus Company General, the owner of the big bus, was guilty of negligence in that it at any time drove into the Diamond Street bus while the Diamond Street bus was upon the right side of the street, and while the Omnibus Company General's bus was on the wrong side of the street.] [3] In other words, that it was a collision caused solely by the act of the owners of the big bus in not observing the law of the road, and so carelessly, recklessly running into the smaller bus.

The exact reverse of that is contended for by the counsel representing the Omnibus Company General. It is argued to you, and witnesses have been called who are intended to support that allegation, that the driver of the small bus drove as well as managed that vehicle, he being both its conductor and driver. He not only stopped and took passengers on, but he had to receive their fares, make change and attend to the opening and closing of the rear door, and, in the performance of this duty, drove into the middle of the street and collided with the bus of the Omnibus Company, and that it was an act of negligence that could not be attributed to the negligence of the servants of the Omnibus Company General.

That raises a question of fact, and that is a question as to which the court cannot help you, and ought not to undertake to express an opinion upon.

As a passenger on the Diamond Street bus, the corporation that owned that bus owed this woman the highest care and skill in carrying her safely to her destination, and, indeed, so far have courts gone that they have held that, when a passenger is injured while being transported by a common carrier, the mere happening of the accident raises the presumption of negligence on the part of the carrier, and in this case the doctrine prevails against the Diamond Street Omnibus Company. They, for hire, agreed to transport this woman safely, and it was their duty to do it. She was injured while in their car, and on one of the busses under their control, and when she shows an injury,

and shows that she did nothing to bring it about, the burden rests upon the Diamond Street Omnibus Company of showing that it was not negligence or that somebody else was negligent.

Now, as to the other vehicle, the big bus. Its duty was simply the duty imposed upon other citizens who used the highway for driving thereon, to observe the law of the road, to respect equally the co-ordinate rights of everybody else on the highway, for the highways do not belong to anybody in particular, but to all the people of the state, for the free and common and equal transportation of their properties and persons over the highway. And the big bus owed that common duty to all other drivers. It owed that common duty to the driver of the Diamond Street bus to respect the rights of that bus, and not to be indiscreet, inattentive, or reckless in the performance of its duty in the management of its bus upon the highway.

The following point was presented by the Omnibus Company General, defendant.

"1. There is no evidence in this case of negligence on the part of the Omnibus Company General, and the jury are instructed to find a verdict in its favor. *Answer :* Refused. [1]

Verdict and judgment for plaintiff for $1,500. Defendant, the Omnibus Company General, appealed.

*Errors assigned* were, (1, 3) above instructions, quoting them; (2) ruling on evidence, quoting the bill of exceptions; (4) the charge of the court below was an inadequate and one-sided presentation of the case, and as a whole calculated to mislead the jury; (5) the court below erred in its charge to the jury, in that it failed to call the attention of the jury to the very slight evidence that existed, if any, that the big bus at the moment of collision was on the wrong side of the street; (6) in that it further failed to call the attention of the jury to the contradiction that existed between the plaintiff's two witnesses on the crucial point of the case, to wit, whether the big bus at the moment of collision was on the wrong side of the street; (7) in that its charge as a whole was calculated to minimize the case of the defendant, and to place the evidence for the plaintiff before the jury, by contrast, in a stronger light than the evidence warranted.

*George P. Rich* and *Wm. Henry Lex*, for appellant.—There is no evidence in this case to warrant the verdict against the Omnibus Company General, the appellant: Borough v. Neff, 102 Pa. 474; Farley v. The Traction Co., 132 Pa. 58.

If the driver of the big bus was negligent, in that he carelessly drove on the east side of the street, and thereby ran into the little bus, then obviously the little bus was guilty of no negligence, because it was proceeding where it had a right to be, and the judgment should not be against both defendants.

*Joseph S. Goodbread*, for appellee.—The evidence was sufficient to show negligence on the part of appellant.

Declarations become a part of the res gestæ when made contemporaneous with the act done: Grim v. Bonnell, 78 Pa. 152; Hanover R. R. v. Coyle, 55 Pa. 396; Mullen v. Phila. & Southern Mail Steamship Co., 78 Pa. 25.

The case was fairly submitted to the jury, with instructions adequate and free from any error of which the appellant has any just reason to complain, and in accordance with the decision of this court in Downey v. R. R., 161 Pa. 388.

PER CURIAM, January 27, 1896:

This suit against the two omnibus companies was brought to recover damages for personal injuries suffered by the plaintiff while she was a passenger in an omnibus belonging to the first named defendant, resulting from a collision of one of the other company's omnibuses with the vehicle in which she was riding. The right of the plaintiff to recover against both or either of the defendants depended on questions of fact which were solely for the consideration of the jury. Testimony was introduced for the purpose of showing, on the one hand, that the collision was brought about by the carelessness of the drivers of both omnibuses, and, on the other hand, that it was due solely to the negligence of the driver of the Diamond Street omnibus. Each of the companies, respectively, endeavored to prove that the collision resulted solely from the negligence of the other company's driver. The testimony was more or less conflicting, but it was all proper for the consideration of the jury. It was accordingly submitted to them in a clear and adequate charge which appears to be free from substantial error. The jury

found for the plaintiff against both companies, and judgment on the verdict was entered against both as joint tort feasors. One of the defendants, the Omnibus Company General, is here alone complaining of the rulings of the learned trial judge. The first subject of complaint is his refusal to charge that there was no evidence " of negligence on the part of the Omnibus Company General, and the jury are instructed to find a verdict in its favor." In view of the fact that there was evidence of negligence, on its part, quite sufficient for the consideration of the jury, it would have been plain error to have given the instructions requested. There was no error in the ruling complained of in the second specification; nor in that part of the charge recited in the third specification. Considered as a whole, the charge,—as we have already said,—was adequate and free from substantial error. The remaining specifications, complaining of the inadequacy and misleading character of the charge, etc., are destitute of merit, and may be dismissed without further notice. If appellant considered it important that the jury's attention should be called to the matters referred to in the 5th and 6th specifications, he should have requested the court to do so.

Judgment affirmed.